ALLARD *v.* SWAINE.

1. MECHANICS' LIENS—ORAL CONTRACT ESTABLISHED.

In suit to enforce mechanic's lien, evidence *held*, sufficient to establish terms of oral contract, under which building was constructed, as claimed by plaintiff.

2. SAME—PLEADING—AMENDMENT.

Where certified copy of statement of lien filed in office of register of deeds shows that it was filed within statutory period, error in date made by stenographer in copying statement into bill of complaint is corrected, on appeal, by allowing amendment of bill to conform to statement.

3. SAME—IRREGULARITIES—WAIVER.

Objections to return of circuit court commissioner in proceeding to enforce mechanic's lien, and to regularity of proceedings before him in taking testimony are without merit, where any irregularities were waived by former counsel or corrected by court before decree.

Appeal from Wayne; Jayne (Ira W.), J. Submitted June 18, 1929. (Docket No. 18, Calendar No. 34,311.) Decided September 4, 1929.

Bill by Nestor Allard against Florence Swaine and others to enforce a mechanic's lien. From a decree for plaintiff, defendants appeal. Affirmed.

*Charles R. Robertson,* for plaintiff.

*Hallet B. Frisbie,* for defendants.

McDONALD, J. This bill was filed to enforce a mechanic's lien on certain property in Highland Park, Wayne county, Michigan. The defendants Florence Swaine and Jessie Swaine are owners of the fee.

Daniel D. Frisbee was their agent. The plaintiff was a contractor. In response to Mr. Frisbee's invitation, he submitted a bid for $15,240.60 to construct a garage on the premises in question. It is claimed by the plaintiff that Mr. Frisbee suggested the building be constructed on a time and material basis and that an agreement was reached whereby he was to receive $1.60 an hour for the time he worked, 10 per cent. on the cost of the labor and material, and 50 per cent. of any saving he might effect under the bid submitted. The defendants deny this agreement. It is their claim that the plaintiff was to receive no other or further compensation than $1.60 an hour for the time he worked, and that for this he had been paid in full.

On the hearing the court found that the plaintiff was entitled to a lien for $1,959.34. From the decree entered, the defendants have appealed.

We have examined the record and agree with the finding of the trial court. The contract was not in writing. It was made orally with Mr. Frisbee, who represented the owners. There were present the plaintiff, Mr. Frisbee, and Mr. Norris, who was interested in getting a contract for the carpenter work. His testimony agrees with that of the plaintiff as to the terms of the contract. Mr. Frisbee died before the hearing, so that his version was not available. In addition to this testimony, there are some undisputed facts inconsistent with the claim that the plaintiff was a mere laborer at $1.60 an hour.

As to the contention that the evidence does not establish the agency of Mr. Frisbee, the testimony of Florence Swaine leaves no doubt that he was fully authorized to contract for the construction of the garage.

During the hearing, counsel then representing the defendants made no claim that the statutory requirements for perfecting the lien had not been complied with. Before the decree was settled and signed, the present counsel were substituted. They at once raised the question that the statutory proceedings had not been followed in that it appeared on the face of the bill that the last of the labor and materials were furnished on January 3, 1924, that the 60-day period for filing statement of lien expired on March 3, 1924, and that it was not sworn to and filed until March 28, 1924. We have before us a certified copy of the statement of the lien filed in the office of the register of deeds for Wayne county, in which is stated that the last of the labor and materials were furnished on January 31, 1924. Evidently the stenographer in copying this statement into the bill of complaint typed the figure 3 instead of 31. We have permitted the plaintiff to amend the bill in this respect to conform to the statement on file with the register of deeds. We find no error in failing to follow the statutory requirements for perfecting the lien.

Objection is made to the return of the circuit court commissioner and to the regularity of the proceedings before him in the taking of testimony. These objections were urged in a motion to suppress by the present counsel for the defendants. Complaint is made of the denial of this motion. Any irregularities in the proceedings before the commissioner were waived by former counsel or corrected by the court before decree. There is no claim here that the testimony which the court considered in disposing of the issue was not a correct transcript of the testimony taken before the commissioner. The trial court has certified the testimony to this court. The

technical objections raised by counsel are without substantial merit.

The trial court correctly disposed of the issue. His decree is affirmed, with costs to the plaintiff.

NORTH, C. J., and FEAD, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.